UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MARVIN ROY FELDMAN,   )
                      )
          Plaintiff,  )
                      )   2:09-cv-01598-JCM-LRL
v.                    )
                      )   **O R D E R**
POKERTEK, INC.,       )
                      )
          Defendant.  )
_____)

Before the court is plaintiff's Motion to Compel Defendant's Discovery Responses, To Extend Plaintiff's Fact Discovery, For An Order That Defendant Produce Roberto Correa Mendez for Deposition in the U.S. Before Trial, and For Sanctions (#30). The court has considered the motion (#30), defendant's Opposition (#32), and plaintiff's Reply (#33).

**Background**

This action for breach of contract commenced on August 21, 2009. On December 7, 2009, the defendant, PokerTek, filed its responses to plaintiff's First Request for Production of Documents. Mot. (#30) at Exh. 4. On March 3, 2010, the court entered an Order on Stipulation (#13) granting the parties' stipulated protective order which was intended to alleviate any concerns PokerTek may have regarding disclosure of proprietary information. On April 8, 2010, the court granted plaintiff's Motion for Leave to Amend the Complaint (#14). Order (#15). Plaintiff filed an Amended Complaint (#16) on April 8, 2010.

Plaintiff propounded his Second Request for Production of Documents on April 22, 2010, and his Third Request for Production of Documents on May 18, 2010. The requests were aimed at the amended claims and defenses. On May 19, 2010, plaintiff filed a Motion to Extend Discovery Deadlines (First Request) (#22), which was made in part on the ground that PokerTek had yet to respond

to plaintiff's Second and Third Requests for Production. On July 8, 2010, after full briefing, the court granted the motion. Scheduling Order (#26). Pursuant to Scheduling Order (#26), discovery closed on September 10, 2010. On August 23, 2010, the court denied PokerTek's Motion to Reconsider/Alter or Amend Order of the Court (#27). Order (#29).

Despite the discovery period having been extended to September 10, 2010, PokerTek did not respond to plaintiff's discovery requests. On August 25, 2010, plaintiff sent PokerTek a discovery resolution letter, but inadvertently sent an incomplete version of the letter. Realizing the error, counsel for plaintiff sent a proper and complete version of the fifty page letter on September 7, 2010. Mot. (#30) at Exh. 1. The letter individually addressed each of PokerTek's responses to plaintiff's First Request for Production of Documents and noted PokerTek's complete failure to respond to plaintiff's Second and Third Requests for Production.

On September 3, 2010, PokerTek filed its Fourth Supplemental Disclosure. The disclosure included the declaration of Roberto Correa Mendez. Correa previously had been identified as a potential fact witness by PokerTek in its June 16, 2010, Third Supplemental Disclosure. *Id.* at Exh. 7. On September 8, 2010, plaintiff's counsel sent a letter to counsel for PokerTek asking whether PokerTek intended to set a deposition of Correa and/or to bring him to the U.S. to testify at trial, and further asking for PokerTek's cooperation in voluntarily making Correa available for deposition. *Id.* at Exh. 2. PokerTek responded to both of plaintiff's letters by letter dated September 17, 2010. *Id.* at Exh. (#3). There, counsel for PokerTek stated that while PokerTek anticipates calling Correa as a witness at trial, it would not be bringing him to Nevada for deposition. With regard to supplementing discovery, counsel stated that he needed some time to review what was produced and to provide answers; he hoped to have substantive responses by the following Monday, September 20, 2010. No further written communication was forthcoming from PokerTek.

Plaintiff filed the instant Motion (#30) on October 8, 2010, through which he seeks an order of the court "compelling Pokertek to respond to Plaintiffs discovery by a date certain, extending Plaintiffs

fact discovery 60-days thereafter, directing Pokertek to produce Mr. Correa for deposition in Las Vegas, Nevada prior to trial, and ordering that Pokertek pay Plaintiffs attorney fees and costs incurred as a result of Defendant's failure to provide document discovery in this action." *Id.* at 10. PokerTek's Opposition (#32) does not reach the merits of plaintiff's motion to compel, but asks that the court deny the motion on grounds that plaintiff did not meet and confer with defendant before filing the motion. PokerTek then states, "If the court is inclined to hear the 'merits' of the motion (which are unknown at this time due to the lack of a meet and confer), PokerTek reserves the right to supplement its Opposition and reserves all its other rights as well." Opp'n (#32) at 6.

## Discussion

The court has broad discretion in controlling discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Rule 34(a) permits each party to serve the opposing party with document requests within the scope of Rule 26(b) that are "relevant to the subject matter involved in the action." Rule 26(b)(1). Pursuant to Rule 34, a responding party must either object or respond to a request for production of documents within 30 days, unless some other time frame has been ordered by the court or agreed to by the parties. A "failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992); *see also* Rule 34(b)(2). In responding to Rule 34 requests, "the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Rule 34(b)(2)(B). An evasive or incomplete response must be treated as a failure to respond. Rule 37(a)(4). Pursuant to Rule 37(a)(3)(B)(iv), a party may seek an order compelling discovery if the other party "fails to respond that inspection will be permitted–or fails to permit inspection–as requested under Rule 34."

Plaintiff's efforts to resolve these discovery disputes informally without involving the court do not strictly meet the good faith "meet and confer" requirements of Rule 37(a)(1) and Local Rule 26-7(b). While plaintiff did send a detailed Discovery Dispute Letter on September 7, 2010, the record is silent

3

as to what other efforts were made to resolve the disputes either before or after the letter was sent. Therefore the court will not grant the motion to the extent it requests sanctions, including the reasonable expenses incurred by plaintiff in making the motion. However, although plaintiff could have made more of an effort to meet and confer prior to the filing of the motion, it is also apparent that defendant has utterly failed to meet its discovery obligations with regard to plaintiff's First, Second, and Third Requests for Production. Thus, in the interest of moving this case forward the court will exercise its discretion to address the motion on the merits.[1]

PokerTek's responses to plaintiff's First Set of Requests for Production consisted almost entirely of boilerplate objections. As to twenty-one of the categories, PokerTek flatly refused to produce information. With regard to another fourteen of the categories, PokerTek referred plaintiff to previously produced documents but without indicating which of the documents were responsive. Plaintiff sent a detailed letter to PokerTek regarding the objections, but PokerTek failed to respond to the letter or to supplement its responses. The court finds PokerTek's answers to the First Request to be evasive or nonresponsive within the meaning of Rule 37(a)(4). In any event, PokerTek has failed to address the substance of plaintiff's motion. Failure to file points and authorities in opposition to a motion constitutes consent to the granting of the motion. LR 7-2(d). For that reason, and for good cause otherwise demonstrated, PokerTek will be ordered to supplement its responses to plaintiff's First Request for Production without objection. *See* Rule 34(b)(2).

Likewise, PokerTek must respond to plaintiff's Second and Third Requests without objection forthwith. Plaintiff propounded its Second Request on April 22, 2010, and its Third Request on May 18, 2010. Accordingly, PokerTek's responses were due May 24, 2010 and June 18, 2010, respectively. Pursuant to Rule 34, a responding party must either object or respond to a request for production of documents within 30 days, unless some other time frame has been ordered by the court or agreed to by

---

[1] Although PokerTek would like to "reserve its rights" to supplement the opposition, Opp'n (#32) at 6, it is for the court and not PokerTek to decide whether it will entertain additional briefing on plaintiff's motion.

4

the parties. PokerTek has not responded to the requests and accordingly has waived its objections. Rule 34(b)(2). Further, in light of defendant's failure to produce discovery in this matter, the court finds good cause to extend plaintiff's fact discovery deadline for forty-five days in order that he may review PokerTek's forthcoming production and follow up accordingly.

Plaintiff's request for an order compelling defendant to produce Roberto Correa Mendez for deposition in Las Vegas is not supported by any legal authority. Plaintiff merely complains that he'd be burdened by having to subpoena Correa, a foreign national, because to do so in Mexico may take a year. Mot. (#30) at 8. The court requires more before it will consider ordering defendant to produce Correa in Las Vegas for a deposition.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff's Motion to Compel Defendant's Discovery Responses, To Extend Plaintiff's Fact Discovery, For An Order That Defendant Produce Roberto Correa Mendez for Deposition in the U.S. Before Trial, and For Sanctions (#30) is granted to the extent that defendant, not later than December 8, 2010, shall respond without objection to plaintiff's First, Second and Third Requests for Production of Documents.

IT IS FURTHER ORDERED that plaintiff's fact discovery deadline shall be extended to January 13, 2011.

IT IS FURTHER ORDERED that in all other respects the motion (#30) is denied.

DATED this 29th day of November, 2010.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**