UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MARTIN ROY FELDMAN,

    Plaintiff,

v.

POKERTEK, INC.,

    Defendant.

2:09-CV-1598 JCM (LRL)

**ORDER**

Presently before the court is defendant Pokertek, Inc's ("Pokertek") motion for summary judgment. (Doc. # 31). Plaintiff Feldman filed an opposition. (Doc. #34). Pokertek filed a reply. (Doc. # 37).

Plaintiff's seven claims against Pokertek are for: (1) breach of contract, (2) quantum meruit, (3) unjust enrichment, (4) fraud, (5) contractual bad faith, breach of the covenant of good faith and fair dealing, (6) tortious bad faith, breach of the covenant of good faith and fair dealing, and (7) civil conspiracy.

Plaintiff's first six claims stem from an alleged breach of contract. Plaintiff alleges that he had an agreement in place with Pokertek where he would seek to obtain a letter from the appropriate Mexican authorities either confirming a change or re-interpretation of a gaming law which would enable the defendant to place its product into Mexico. (Doc. #34, P. 4). Specifically, plaintiff alleges in his complaint that he entered into an agreement with Pokertek "to be followed by formal documentation, whereby [plaintiff] agreed to lobby the Mexican Government, through his contacts with Mexican Gaming Permit Holders Association, to persuade it of his interpretation that Pokertek

**James C. Mahan**
**U.S. District Judge**

1  Tables would not be in violation of Mexican gaming laws and should be allowed to be sold and used
2  throughout Mexico by permitted operators." (Doc. #16, P. 9).

3        Pokertek explicitly denies ever entering into a contract with plaintiff, citing a lack of an
4  "actual contract document." (Doc. #31, P. 8 - 9). Pokertek, relying on the only piece of authenticated
5  evidence in this case, an affidavit of Roberto Correa Mendez (doc. #31-1), alleges that even if there
6  was a contract between the parties, the plaintiff's claim must fail for lack of consideration. (Doc.
7  #31). Specifically, Mr. Mendez, in his former position as Mexico's assistant general director of
8  gaming and lottery during the time that Mexico was reinterpreting the gaming law applicable to this
9  case, states that plaintiff "did not have any connection or impact with these official communications,
10 not in his own right or by his representatives." (Doc. #31-1, P. 51).

11       In plaintiff's civil conspiracy claim, he is alleging that after "agents for Pokertek contacted
12 the Association of Gaming Permit Holders in order to exploit Pokertek's relationship with certain
13 members of the association," Alfonso Perez Lizeaur, plaintiff's "primary go-between to access the
14 secretary of government, gaming and lotteries," informed plaintiff that "pursuant to instructions from
15 the association," he was no longer able to participate in this case. (Doc. # 16, P. 8 - 9). However,
16 defendant asserts that "as a matter of law, PokerTek and its employees or agents cannot conspire
17 with themselves" to harm the plaintiff. (Doc. #31, P. 27). While this is true, *see Collins v. Union*
18 *Fed. Savings & Loan Ass'n*, 662 P.2d 610, 622 (Nev. 1983), the plaintiff is not asserting this.

19 **Defendant's Motion for Summary Judgment**

20       Summary judgment is appropriate when, viewing the facts in the light most favorable to the
21 nonmoving party, there is no genuine issue of material fact which would preclude summary
22 judgment as a matter of law. *Bagdadi v. Nazar,* 84 F.3d 1194, 1197 (9th Cir. 1996). The moving
23 party bears the burden of informing the court of the basis for its motion, together with evidence
24 demonstrating the absence of any genuine issue of material fact. *Celotex Corp.v. Catrett*, 477 U.S.
25 317, 323 (1986). Once the moving party has satisfied its burden, it is entitled to summary judgment
26 if the non-moving party fails to present, by affidavits, depositions, answer to interrogatories, or
27 admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v.*
28

**James C. Mahan**
**U.S. District Judge**

1 | *Catrett*, 477 U.S. 317, 324 (1986); Fed. R. Civ. P. 56(c).

2 | The court in *Orr v. Bank of America NT & SA,* 285 F.3d 764 (9th Cir. 2002), held that:

> A trial court can only consider admissible evidence in ruling on a motion for summary judgment. *See* Fed. R. Civ. P. 56(e)*; Beyene v. Coleman Sec. Servs., Inc.,* 854 F.2d 1179,1181 (9th Cir. 1988). Authentication is a "condition precedent" to admissibility, and this condition is satisfied by "evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Civ. P. 901(a). We have repeatedly held that unauthenticated documents cannot be considered in a motion for summary judgment. *See Cristobol v. Siegel,* 26 F.3d 1488, 1494 (9th Cir. 1994)*; Hal Roach Studios, Inc. v. Richard Feiner & Co. Inc.,* 896 F2d 1542, 1550–51 (9th Cir. 1987)*; Beyene,* 854 F.2d at 1182*; Canada v. Blain's Helicopters, Inc.,* 831 F.2d 920, 925 (9th Cir. 1987)*; Hamilton v. Keystone Tankship Corp.,* 539 F.2d 684, 686 (9th Cir. 1976).

Here, the main issue for summary judgement is whether a contract was formed between the parties. However, neither party has relied on authenticated evidence to support its position regarding this issue. The only authenticated evidence, Mr. Mendez's affidavit, does not dispute that a contract existed, and does not address plaintiff's civil conspiracy claim. Therefore, in viewing the facts in the light most favorable to the plaintiff, this court finds that there are genuine issues of material fact as to whether a contract was formed between the parties, and whether the defendant conspired against the plaintiff.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendant Pokertek's motion for summary judgment (doc #31) be, and the same hereby is, DENIED.

DATED February 9, 2011.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -