1

2                    **UNITED STATES DISTRICT COURT**

3                         **DISTRICT OF NEVADA**

4                                  * * *

5    MARVIN ROY FELDMAN,                    )
                                            )
6                    Plaintiff,             )
                                            )
7    v.                                     )        2:09-cv-01598-JCM-LRL
                                            )
8    POKERTEK, INC.,                        )        **O R D E R**
                                            )
9                    Defendant.             )
                                            )
10   ——————————————————————————————————————)

11          Before the court is plaintiff Marvin Roy Feldman's Motion to Compel and For Sanctions (#44).

12   Defendant PokerTek, Inc. filed an Opposition (#45) and a Counter-Motion to Strike (#46).  Plaintiff

13   filed a Reply  (#47) in support of his Motion and an Opposition (#48) to defendant's Counter-Motion.

14   Defendant filed a Reply (#49) in support of its Counter-Motion.

15          In Feldman's amended complaint, he alleges that he had an agreement with defendant PokerTek,

16   whereby he would "persuade Mexican gaming authorities to either change or interpret existing laws in

17   such a way as to permit the PokerTek [t]ables to be sold and operated in licensed Mexican casinos."

18   (#16).  Allegedly relying on this agreement, Feldman began "making contacts" in Mexico, and, through

19   a series of emails with the defendant, secured himself a position as the distributor for PokerTek in

20   Mexico in exchange for his services. *Id.*  However, after PokerTek tables were permitted in Mexican

21   casinos, defendant allegedly "repudiated" the agreement and refused to adequately compensate plaintiff.

22   *Id.*

23          Plaintiff asserts claims against PokerTek for (1) breach of contract, (2) quantum meruit, (3)

24   unjust enrichment, (4) fraud, (5) breach of the covenant of good faith and fair dealing, (6) tortious bad

25   faith/ tortious breach of the covenant of good faith and fair dealing, and (7) civil conspiracy to suppress

26   evidence/tamper with witnesses.  *Id.*

**Motion To Compel**

In the present motion to compel, Feldman asks this court to not only compel the production of documents and answers to interrogatories, but also to sanction defendant by striking his answer and awarding $15,000 in attorney's fees. (#44). Feldman contends that PokerTek has completely failed to participate in discovery, and, as such, has destroyed any ability Feldman might have had to fairly litigate his claims. *Id.* PokerTek asks the court to deny and/or strike plaintiff's motion, because he failed to meet and confer as required by the Federal Rules of Civil Procedure. (#45 and #46). Feldman contends that he did not need to meet and confer because PokerTek was previously ordered by this court to produce the documents in question, and that after requesting the documents on several occasions, he had no choice but to file the present motion. (#48).

    **A.**    **Background**

Feldman filed three separate sets of requests for production of documents relating to PokerTek's business in Mexico. As Feldman was not satisfied with defendant's production of certain documents and failure to produce others, he sent a letter to PokerTek addressing his concerns. (#30 Exhibit 1). Without meeting and conferring with defendant about these issues, plaintiff filed a motion to compel and for sanctions. (#30). Notwithstanding that Feldman did not properly meet and confer with PokerTek, the court addressed the motion on its merits because "defendant ha[d] utterly failed to meet its discovery obligations with regard to plaintiff's First, Second, and Third Requests for Production." (#38). The court held that PokerTek's responses to plaintiff's first set of interrogatories consisted "almost entirely of boilerplate objections," and, that with regards to the rest, PokerTek either refused to produce information or referred "evasively" to previously produced documents without indicating which of the documents were responsive. *Id.* Therefore, the court ordered defendant to supplement its responses without objection. *Id.* Further, the court held that since defendant failed to even respond to plaintiff's second and third requests, it waived any objections. *Id.* Thus, the court ordered responses to all requests, without objections, by December 8, 2010. *Id.*

Feldman now contends that "[a]lthough [d]efendant did respond without objection," the

responses were, "at best," "passive aggressive." (#44). According to plaintiff, once counsel began going through the documents that were produced, it became apparent that they contained "absolutely nothing substantively documenting the scope of [defendant's] revenue in Mexico." *Id.* Rather, the documents consisted of "antiquated contracts pre-dating the events at issue" and "extensive shipping information that [did] not include what revenues such shipping to Mexico may have generated." *Id.* On March 8, 2011, during the parties' pre-trial conference, plaintiff raised the issue he had with the lack of production of documents relating to the revenues in Mexico, and provided defendant with a letter (#44 Exhibit 1) identifying specific requests that required supplementation. *Id.* Plaintiff requested the information no later than March 22, 2011. *Id.* The requests mirrored those that were addressed in the court's order (#38), with one exception: plaintiff sought an answer to interrogatory No. 22, which asked for defendant to "detail the revenue to be generated by the placement of a single PokerTek gaming table in a Mexican gaming establishment..." (#44 Exhibit 1).

Plaintiff asserts that "in order to facilitate resolution of these discovery issues, the parties stipulated that the deadline for filing of the parties' joint pretrial order...should be extended to March 31, 2011, and it was so ordered." (#44). However, the March 22, 2011, deadline given in plaintiff's letter (#44 Exhibit 1) passed without defendant providing any supplemental documents. *Id.* Therefore, the parties filed another stipulation extending the pre-trial order date until April 30, 2011. *Id.* On March 30, 2011, plaintiff received a spreadsheet purporting to demonstrate revenues from Mexico, yet, as plaintiff asserts, the spreadsheet was not accompanied by any supporting documentation. *Id.* Thereafter, on April 15, 2011, plaintiff sent a second letter to defendant requesting that it provide a "*complete and thorough* disclosure" by April 22, 2011. (#44 Exhibit 2)(emphasis supplied). That deadline passed without defendant providing any further supplements to plaintiff, despite telephone conversations in which defense counsel stated that he was awaiting responsive disclosures from his client and should have them in a day or so. (#44). On April 27, 2011, defendant produced documents which contained bank records for PokerTek *Canada* Inc.; no other formal discovery was produced. *Id.* Thus, plaintiff filed the present motion to compel and for sanctions.

3

**B.    Argument**

In plaintiff's motion to compel (#44), he contends that the responses provided by defendant pursuant to the court's order (#38) were evasive and incomplete, and should therefore be treated as a "failure to disclose, answer, or respond" under Rule 37(a)(4)(a) ("an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.").  Specifically, he contends that the defendant merely "papered the file" with its purported disclosures in an attempt to "*look* compliant," while actually "withholding information from [p]laintiff." (#47).  As an example of the non-responsive nature of the documents produced, plaintiff provided the court with a list of the documents he received in response to his request for production No.3 (first set).  *Id.*  The request sought "any and all documents referencing PokerTek's distribution of PokerTek products in Mexico, to include but not limited to any effective or draft contracts for distribution or sale of PokerTek products for placement in Mexico."  (#44 Exhibit 1).

In response to this request, defendant produced hundreds of pages of irrelevant information, including "tech data"- dated Dec. 1, 2009, distribution addendums for 2007– prior to PokerTek entering Mexico – a 2003 account statement for Frank Hayes, shipping schedules for European distributions, a 2005 layout for a poker room in Russia, a truck bill of landing and shipping forms, an account balance sheet for March 31, 2010 for Royal Yak, Mexico City, an undated draft of corporate bylaws, the last page of a draft of corporate bylaws, an undated economic impact statement, a 2007 bi-lateral confidentiality agreement with EWEBB in Australia, an undated HUC accounting, several "Heads-Up" documents, an International Distribution Strategy Update, a memorandum concerning switching to new business model, an April 2009 incorporation document, and an undated draft Zebra card printer contingency plan for various Televisa sites in Mexico.  *Id.*

Plaintiff contends that this is just one example of the defendant's bad faith attempts to mislead the court by pretending to be complying with its order.  *Id.*  Defendant produced nearly 14,000 pages of documents, but as plaintiff asserts, based upon the nature of the disclosures above, they are "clearly immaterial disclosures" that amount to a failure to disclose.  *Id.*  *See* Fed. R. Civ. P. 37(a)(4)(a).

Therefore, he asks this court to compel the production of the requested documents and to impose sanctions in the form of striking the defendant's answer and awarding $15,000 in attorney's fees. (#44).

Defendant contests this request, and asserts that inasmuch as it has been engaging in dialog with plaintiff regarding the discovery issues, the requested sanctions are too severe. (#45). Further, it asserts that it provided the requested information to plaintiff, but that he is not satisfied with it because it demonstrates that the company actually lost money when it entered into Mexico. *Id.* Additionally, defendant argues that the motion should be stricken or denied because plaintiff failed to meet and confer before filing the motion to compel as required. *Id.* Specifically, it contends that since interrogatory No. 22 was not addressed in the court's order (#38), plaintiff was required to meet and confer prior to filing the present motion. *Id.* As this is plaintiff's second time failing to meet and confer, defendant asserts that the court should strike the motion and order the parties to meet and confer. *Id.* In the alternative, defendant contends that the appropriate sanction would be for the court to stay the proceedings pending the resolution of the discovery dispute. *Id.* Plaintiff argues that a stay of the proceedings would cause further prejudice, unfairly prolong the litigation, and force him to incur unnecessary costs.

**C.    Discussion**

After reviewing the submitted documentation, the court concludes that defendant's documents purporting to be responsive to plaintiff's requests are unresponsive and irrelevant, and amount to a "failure to disclose, answer, or respond" under Rule 37(a)(4)(a). Therefore, the defendant shall comply with the court's previous order (#38) by providing documents that are responsive to plaintiff's requests within ten days from the date of this order. The court is bewildered by defendant's production of material that is utterly useless and that only serves to force plaintiff's counsel to spend needless hours attempting to weed through them. The court will not tolerate future such gamesmanship, and will not hesitate to recommend that default judgment be entered against defendant if such conduct continues. Additionally, the court will require defendant to provide a responsive answer to interrogatory No. 22. The court recognizes that the interrogatory was not covered in the court's previous order (#38) and that a meet and confer was required. However, the court finds that plaintiff's failure to meet and confer with

5

regards to a single interrogatory is not grounds for striking the motion to compel, as it is clear from defendant's behavioral pattern thus far, that it is highly doubtful that a meet and confer would have led to a resolution of the issue.

With regard to sanctions, the court *at this time* concludes that striking its answer is too severe a sanction.  However, in light of the defendant's disregard for court orders and continuous failure to meaningfully participate in discovery, the court finds that significant monetary sanctions are in order. Pursuant to Rule 37(c)(1)(A), "[i]f a party fails to provide information...the court...may order payment of the reasonable expenses, including attorney's fees, caused by the failure" of a party to comply with a discovery order.  Here, plaintiff seeks a $15,000 monetary sanction, but does not provide the court with a justification for the requested amount.  Therefore, plaintiff's counsel shall provide the court with an affidavit demonstrating the "reasonable expenses, including attorney's fees," that were incurred due to defendant's failure to disclose the requested documents.  Fed. R. Civ. P. 37(c)(1)(A).

Accordingly, and for good cause shown,

IT IS ORDERED that Feldman's Motion to Compel and For Sanctions (#44) is granted in part, and denied in part, as discussed above.  Plaintiff shall provide the court with an affidavit of counsel justifying the monetary sanctions sought within ten days of the date of this order.  Further, defendant shall provide plaintiff with adequate responses/documents relating to plaintiff's interrogatory No. 22 and his first, second, and third requests for production of documents within ten days of the date of this order.

IT IS FURTHER ORDERED that defendant PokerTek, Inc.'s Counter-Motion to Strike (#46) is denied.

DATED this 29th day of September, 2011.



**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**