# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

MARVIN ROY FELDMAN,  )
             )
         Plaintiff,  )
             )   2:09-cv-01598-JCM -VCF
v.            )
             )   **O R D E R**
POKERTEK INC.,     )
             )
         Defendants.  )
             )

      Before the court is plaintiff Feldman's Supplement To Plaintiff's Motion To Compel Production and For Sanctions, Pursuant to Court's Order. (#51). Defendant PokerTek Inc. filed an Objection thereto. (#53).

      On September 29, 2011, the court issued an order on plaintiff Feldman's motion to compel and for sanctions. (#50). Magistrate Judge Leavitt ordered defendant to provide plaintiff with "adequate responses/documents relating to plaintiff's interrogatory No. 22 and his first, second, and third requests for production of documents..." *Id.* Plaintiff sought an award of $15,000 in attorney's fees as a result of defendant's actions, but did not provide support for the requested amount. (#44). Due to defendant's "disregard for court orders and continuous failure to meaningfully participate in discovery," the court held that "significant monetary sanctions are in order." (#50). Judge Leavitt ordered plaintiff to file an affidavit "justifying the monetary *sanctions sought*" and demonstrating the "reasonable expenses, including attorney's fees," that were incurred due to defendant's failure to disclose the requested documents." (#50)(emphasis added).

      On October 13, 2011, plaintiff submitted a supplement (#51) to his motion and an affidavit of counsel (#51 Exhibit A). In the affidavit, counsel Kenneth E. Hogan asserts that "Gordon Silver's business records indicates (sic) that PokerTek has caused Mr. Feldman to incur **$68,375.00** in unnecessary fees and costs in this action, all related to discovery abuses." (#51 Exhibit A). Attached

to the affidavit, is a seven page itemized list of these fees. (#51 Exhibit 1A).  Mr. Hogan also contends that "those fees specifically related to PokerTek's bad faith conduct in the course of discovery..., as segregated from the cumulative discovery billings set forth..., are in the sum of **$33,242.20."**  (#51 Exhibit A).  Within the body of the affidavit, counsel provides the court with a four page itemized list to support these fees.  *Id.*  Plaintiff now requests that this court impose sanctions in an amount between **$33,242.20** and **$68,375.00.**  *Id.*

In defendant PokerTek's objection to the affidavit, it asserts that a "casual review of the affidavit reveals that most of the request is for work that [plaintiff's] attorney did that was unrelated to the motion to compel," and that the request is unreasonable, as counsel is seeking fees "4 ½ times more" than that permitted in the court's order. (#53).  Defendant lists several fees that it disputes, including fees for preparing and responding to discovery requests, preparing subpoenas to third parties, preparing for and taking four depositions, responding to a motion for summary judgment, drafting a pretrial order and stipulation, reviewing the file to prepare the trial brief, reviewing spreadsheets and bank records, responding to PokerTek's motion to strike, and trial preparation.  *Id.*  Defendant argues that seeking payment for counsel's "garden variety legal fees" is inappropriate.  *Id.*

Defendant's objection (#53) was filed on October 21, 2011, and, to date, plaintiff has not filed a response addressing defendant's concerns.  In Judge Leavitt's order (#50), he specifically ordered plaintiff to provide an affidavit "justifying the monetary sanctions sought," which was $15,000.  The court finds that plaintiff's counsel's affidavit (#51) supports an award of $15,000.

Accordingly, and for good cause shown,

IT IS ORDERED that defendant PokerTek shall pay plaintiff's "reasonable expenses, including attorney's fees," in the amount of $15,000 within fourteen days from the entry of this order.

DATED this 1st day of December, 2011.

_____
**CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE**