**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

MARVIN ROY FELDMAN,

Plaintiff,

v.

POKERTEK, INC.,

Defendant.

2:09-cv-01598-JCM-LRL

**O R D E R**

Before the court is plaintiff Marvin Roy Feldman's Response to the Court's Order To Show Cause (#55). (#56). Replies were due on May 11, 2012, and defendant PokerTek, Inc. did not file a reply.

**Background**

Plaintiff filed his complaint on August 21, 2009, asserting claims against defendant PokerTek for (1) breach of contract, (2) quantum meruit, (3) unjust enrichment, and (4) fraud. (#1). On October 13, 2009, PokerTek filed its answer, asserting thirty-three affirmative defenses. (#8). The deadline for filing the discovery plan and scheduling order was November 27, 2009. *Id.* On February 16, 2010, plaintiff filed a discovery plan and scheduling order, stating that defendant agreed upon the deadlines therein. (#10). The discovery plan set the close of discovery on June 18, 2010, a dispositive motions deadline of July 12, 2010, and a joint pretrial order deadline of August 12, 2010. *Id.* The court entered the discovery plan and scheduling order on February 22, 2010. (#11).

On March 12, 2010, the plaintiff filed a motion for leave to supplement the complaint. (#14). The plaintiff's proposed amended complaint included additional claims for breach of the covenant of good faith and fair dealing, tortious bad faith/ tortious breach of the covenant of good faith and fair dealing, and civil conspiracy to suppress evidence/tamper with witnesses. *Id.* Defendant PokerTek did

not file an opposition. On April 8, 2010, the court granted the plaintiff's motion (#15), and the clerk filed plaintiff's amended complaint (#16). On May 4, 2010, plaintiff filed a three day notice of intent to take default, asserting that "unless [defendant] answer or otherwise plead in response to [p]laintiff's [f]irst [a]mended [c]omplaint on file herein within three (3) days of the filing of this Notice, [p]laintiff will seek entry of default..." (#18).

On May 6, 2010, defendant filed its answer to plaintiff's first amended complaint asserting fifty-six affirmative defenses. (#19). The deadline to file the discovery plan and scheduling was June 20, 2010. *Id.* On May 19, 2010, plaintiff filed a motion to extend discovery deadlines, asserting that the extension is necessary, because plaintiff has not had an opportunity to conduct discovery on its additional claims for relief and defendant's affirmative defenses, plaintiff has not received complete answers to written discovery, and defendant set a deposition for the day before discovery ends. (#22). On July 8, 2010, the court issued an order extending the deadline for conducting fact discovery to September 10, 2010, setting a dispositive motions deadline for October 12, 2010, and the joint pretrial order deadline for November 15, 2010. (#26).

On October 8, 2010, the plaintiff filed a motion to compel defendant's discovery responses, to extend plaintiff's fact discovery, for an order that defendant produce Roberto Correa Mendez for deposition, and for sanctions. (#30). On October 12, 2010, defendant filed a motion for summary judgment. (#31). On November 15, 2010, the parties filed a stipulation and order to extend time to file joint pretrial order, asking the court to extend the deadline in which to file the joint pretrial order to thirty days after the latter of the entry of an order on plaintiff's motion to compel, or entry of an order on defendant's motion for summary judgment. (#35). On November 17, 2010, the court signed the stipulation granting the extension. (#36).

On November 30, 2010, the court entered an order granting in part and denying in part plaintiff's motion to compel (#30), and ordering defendant to respond without objection to plaintiff's first, second and third requests for production of documents no later than December 8, 2010. (#38). The court also extended the plaintiff's fact discovery deadline until January 13, 2011. *Id.* On February 9, 2011, the

court denied defendant's motion for summary judgment (#31) for failure to authenticate the contact in dispute pursuant to *Orr v. Bank of America NT & SA,* 285 F.3D 764 (9th Cir. 2002). (#39). The joint pretrial order was due within thirty days from the entry of that order. On March 11, 2011, the parties filed a stipulation and order to extend time to file the pretrial order. (#40). The parties asserted that the joint pretrial order deadline "should be extended to March 31, 2011, to enable the parties to resolve certain discovery issues, including document disclosures that may be designated and discussed as trial exhibits, and to thereby provide the [c]ourt with a more complete [p]retrial [o]rder." *Id.* The court signed the stipulation on March 15, 2011. (#41).

On March 31, 2011, the date the joint pretrial order was due, the parties filed another stipulation to extend the deadline to file the joint pretrial order to April 30, 2011, asserting the same grounds for the extension as in the previous stipulation. (#42). The court signed the stipulation on April 4, 2011. (#43). The April 30, 2011, deadline passed, and the parties did not file a joint pretrial order. On May 2, 2011, plaintiff filed a motion to compel production of documents and for sanctions. (#44). Plaintiff asserted that filing the motion was necessary, because "[f]ollowing prior motions to compel this defendant to participate in good faith discovery, all granted by this court, and defendant's half-hearted compliance with such order, plaintiff determined that no useful information concerning defendant's revenues in Mexico...had been disclosed." *Id.* Plaintiff also argued that defendant did not comply with the court's previous order requiring responses without objection (#38), and that defendant's responses were, "at best," "passive aggressive." *Id.* Plaintiff asked this court to enter sanctions against defendant for its practice of being "pervasively and consistently contemptuous of the adversarial process, the rules of such process, and the order of the court governing that process, since the commencement of the action." *Id.* Defendant filed a counter-motion to strike (#46), and the parties fully briefed the motions (#45, #47, #48, and #49).

On September 29, 2011, the court entered an order holding "that defendant's documents purporting to be responsive to plaintiff's requests are unresponsive and irrelevant, and amount to a "failure to disclose, answer, or respond" under Rule 37(a)(4)(a)." (#50). The court ordered defendant

to provide documents that are responsive to plaintiff's requests within ten days from the entry of the order. *Id.* The court also stated that the court "is bewildered by defendant's production of material that is utterly useless and that only serves to force plaintiff's counsel to spend needless hours attempting to weed through them," and that the court "will not tolerate future such gamesmanship, and will not hesitate to recommend that default judgment be entered against defendant if such conduct continues." *Id.* The court held with regard to sanctions, that "the court *at this time* concludes that striking [defendant's] answer is too severe a sanction," but that "in light of the defendant's disregard for court orders and continuous failure to meaningfully participate in discovery, the court finds that significant monetary sanctions are in order." *Id.*

The court ordered plaintiff to provide the court with an affidavit demonstrating the "reasonable expenses, including attorney's fees," that were incurred due to defendant's failure to disclose the requested documents. Fed. R. Civ. P. 37(c)(1)(A)." *Id.* The court also denied defendant's motion to strike (#46). *Id.* Plaintiff filed an affidavit pursuant to the court's order (#51), and defendant filed an objection thereto (#53). On December 2, 2011, the court ordered defendant to pay $15,000 within fourteen days from the entry of the order. (#54). On April 19, 2012, the court entered an order to show cause as to why the complaint should not be dismissed for failure to comply with the court's order (#43) setting the joint pretrial order deadline for April 30, 2011. (#55). The order required that the parties, on or before May 1, 2012, must "show cause why this case should not be dismissed for failure to comply with the local rules and a court order." *Id.* On May 1, 2012, plaintiff filed his response to the court's order to show cause. (#56). Defendant did not file a reply.

**<u>Plaintiff's Response To The Order To Show Cause (#56)</u>**

Plaintiff asserts that "good cause" exists for the failure to file a pretrial order in accordance with the court's order. (#56). Plaintiff states that it is clear that the purpose of the stipulation to extend deadlines (#43) was to "enable the parties to resolve certain discovery issues, including document disclosures that may be designated and discussed as trial exhibits, and to thereby provide the [c]ourt with a more complete [p]retrial [o]rder," and that it is also clear that the parties were unable to resolve

the discovery issues prior to the April 30, 2011, deadline, because plaintiff was forced to file a motion to compel and for sanctions on May 2, 2011 (#44). *Id.* Plaintiff argues that since the defendant's discovery responses were inadequate, the pretrial order "was not possible" on April 30, 2011, and the motion to compel was necessary. *Id.* The court issued an order on the motion to compel on September 29, 2011 (#50), and the court ordered defendant to pay plaintiff's reasonable attorney's fees in the amount of $15,000 on December 2, 2011 (#54). Plaintiff explains that the pretrial order was not filed because "neither of the orders adjudicating the [m]otion to [c]ompel (Doc. 50 nor Doc. 54) reset the time for the pretrial order," and the plaintiff "interpreted the filing of [p]laintiff's [m]otion to [c]ompel to sufficiently highlight the passing of the date for the pretrial order, and detail[] reasons the pretrial order had not been timely completed." *Id.*

Plaintiff asserts that since the time the court issued its order regarding the payment of attorney's fees (#54), the defendant has not "fully complied with its disclosure requirements," and the parties have engaged in protracted settlement discussions. (#56). Plaintiff requests that the court enter a revised pretrial order deadline on or around September 2012, and asserts that the pretrial order is not possible at this time in light of defendant's incomplete discovery responses. *Id.* Plaintiff argues that there "is no evidence of lack of diligence of [p]laintiff's part," and that plaintiff "anticipated to prompt a resetting of the time-lines" when he filed his motion to compel (#44). *Id.* Plaintiff states that resetting the scheduling order will provide an opportunity for the parties to continue settlement negotiations, and, in the event settlement negotiations fail, for plaintiff to resolve the outstanding discovery issues, enabling a complete pretrial order. *Id.*

Accordingly, and for good cause shown,

IT IS ORDERED that, within fourteen (14) days from the entry of this order, the parties shall file a joint status report regarding defendant's compliance with the court's orders relating to plaintiff's motion to compel and for sanctions (#50 and #54). Plaintiff shall include a statement of what discovery is needed from defendant before the parties are able to file the joint pretrial order.

IT IS FURTHER ORDERED that a hearing in scheduled for June 4, 2012, at 10:00 a.m. in

Courtroom 3C.

DATED this 14th day of May, 2012.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**