UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MARVIN ROY FELDMAN,                    )
                                       )
                    Plaintiff,         )
                                       )        2:09-cv-01598-JCM-VCF
v.                                     )
                                       )        **O R D E R**
POKERTEK, INC.,                        )
                                       )
                    Defendant.         )
_____    )

Before the court is the Joint Status Report Regarding Defendant's Compliance With the Court's Orders Relating to Plaintiff's Motion to Compel and for Sanctions.  (#59).

**Background**

Plaintiff Marvin Roy Feldman filed his Complaint on August 21, 2009, asserting claims against Defendant PokerTek for (1) breach of contract, (2) quantum meruit, (3) unjust enrichment, and (4) fraud.  (#1).  On October 13, 2009, PokerTek filed its Answer, asserting thirty-three affirmative defenses.  (#8).  The deadline for filing the discovery plan and scheduling order was November 27, 2009.  *Id.*  On February 16, 2010, Plaintiff filed a discovery plan and scheduling order, stating that Defendant agreed upon the deadlines therein.  (#10).  The discovery plan set the close of discovery on June 18, 2010; a dispositive motions deadline of July 12, 2010; and a joint pretrial order deadline of August 12, 2010.  *Id.*  The court entered the discovery plan and scheduling order on February 22, 2010.  (#11).

On March 12, 2010, Plaintiff filed a Motion for Leave to Supplement the Complaint.  (#14).  Plaintiff's Proposed Amended Complaint included additional claims for (1) breach of the covenant of good faith and fair dealing, (2) tortious bad faith/ tortious breach of the covenant of good faith and fair dealing, and (3) civil conspiracy to suppress evidence/tamper with witnesses.  *Id.*  Defendant PokerTek

did not file an opposition.  On April 8, 2010, the court granted Plaintiff's Motion (#15), and the clerk filed Plaintiff's Amended Complaint (#16).  On May 4, 2010, Plaintiff filed a three day notice of intent to take default, asserting that "unless [Defendant's] answer or otherwise plead in response to Plaintiff's First Amended Complaint on file herein within three (3) days of the filing of this Notice, Plaintiff will seek entry of default . . . ." (#18).

On May 6, 2010, Defendant filed its Answer to Plaintiff's first Amended Complaint asserting fifty-six affirmative defenses.  (#19).  The deadline to file the discovery plan and scheduling was June 20, 2010.  *Id.*  On May 19, 2010, Plaintiff filed a motion to extend discovery deadlines, asserting that the extension is necessary, because Plaintiff had not had an opportunity to conduct discovery on Plaintiff's additional claims for relief and Defendant's affirmative defenses, Plaintiff has not received complete answers to written discovery, and Defendant set a deposition for the day before discovery was scheduled to end.  (#22).  On July 8, 2010, the court issued an Order extending the deadline for conducting fact discovery to September 10, 2010, setting a dispositive motions deadline for October 12, 2010, and setting the Joint Pretrial Order deadline for November 15, 2010.  (#26).

On October 8, 2010, Plaintiff filed a motion to compel the Defendant's discovery responses, to extend Plaintiff's fact discovery, for an order that Defendant produce Roberto Correa Mendez for deposition, and for sanctions.  (#30).  On October 12, 2010, Defendant filed a Motion for Summary Judgment.  (#31).  On November 15, 2010, the parties filed a Stipulation and Order to Extend Time to File Joint Pretrial Order, asking the court to extend the deadline for filing the Joint Pretrial Order to thirty days after the latter of the entry of an Order on Plaintiff's Motion to Compel, or entry of an Order on Defendant's Motion for Summary Judgment.  (#35).  On November 17, 2010, the court signed the Stipulation granting the extension.  (#36).

On November 30, 2010, the court entered an Order granting in part and denying in part Plaintiff's Motion to Compel (#30), and ordering Defendant to respond without objection to Plaintiff's first, second and third requests for production of documents no later than December 8, 2010.  (#38). The court also extended Plaintiff's fact discovery deadline until January 13, 2011.  *Id.*  On February 9,

2011, the court denied Defendant's Motion for Summary Judgment (#31) for failure to authenticate the contract in dispute pursuant to *Orr v. Bank of America NT & SA,* 285 F.3d 764 (9th Cir. 2002). (#39). The Joint Pretrial Order was due within thirty days from the entry of that order. LR 26-1(5). On March 11, 2011, the parties filed a Stipulation and Order to Extend Time to File the Pretrial Order. (#40). The parties asserted that the Joint Pretrial Order deadline "should be extended to March 31, 2011, to enable the parties to resolve certain discovery issues, including document disclosures that may be designated and discussed as trial exhibits, and to thereby provide the [c]ourt with a more complete Pretrial Order." *Id.* The court signed the Stipulation on March 15, 2011. (#41).

On March 31, 2011, the date the Joint Pretrial Order was due, the parties filed another Stipulation to extend the deadline to file the Joint Pretrial Order to April 30, 2011, asserting the same grounds for the extension as in the previous Stipulation. (#42). The court signed the Stipulation on April 4, 2011. (#43). The April 30, 2011, deadline passed without the parties filing a Joint Pretrial Order. On May 2, 2011, Plaintiff filed a Motion to Compel Production and for Sanctions. (#44). Plaintiff asserted that filing the motion was necessary, because "[f]ollowing prior motions to compel this [D]efendant to participate in good faith discovery, all granted by this court, and [D]efendant's half-hearted compliance with such order, [P]laintiff determined that no useful information concerning [D]efendant's revenues in Mexico . . . had been disclosed." *Id.* Plaintiff also argued that Defendant did not comply with the court's previous order requiring responses without objection (#38), and that Defendant's responses were, "at best," "passive aggressive." *Id.* Plaintiff asked this court to enter sanctions against Defendant for its practice of being "pervasively and consistently contemptuous of the adversarial process, the rules of such process, and the order of the court governing that process, since the commencement of the action." *Id.* Defendant filed a Counter-Motion to Strike (#46), and the parties fully briefed the motions (#45, #47, #48, and #49).

On September 29, 2011, the court entered an order holding "that [D]efendant's documents purporting to be responsive to [P]laintiff's requests are unresponsive and irrelevant, and amount to a "failure to disclose, answer, or respond" under Rule 37(a)(4)(a)." (#50). The court ordered Defendant

1    to provide  documents that are responsive to Plaintiff's requests within ten days from the entry of the

2    order.  *Id.*  The court also stated that the court "is bewildered by [D]efendant's production of material

3    that is utterly useless and that only serves to force [P]laintiff's counsel to spend needless hours

4    attempting to weed through them," and that the court "will not tolerate future such gamesmanship, and

5    will not hesitate to recommend that default judgment be entered against [D]efendant if such conduct

6    continues."  *Id.*  The court held with regard to sanctions, that "the court *at this time* concludes that

7    striking [Defendant's] answer is too severe a sanction," but that "in light of the [D]efendant's disregard

8    for court orders and continuous failure to meaningfully participate in discovery, the court finds that

9    significant monetary sanctions are in order."  *Id.*

10        The court ordered Plaintiff to provide the court with an affidavit demonstrating the "reasonable

11   expenses, including attorney's fees," that were incurred due to Defendant's failure to disclose the

12   requested documents. Fed. R. Civ. P. 37(c)(1)(A)."  *Id.*  The court also denied Defendant's Motion to

13   Strike (#46).  *Id.*  Plaintiff filed an affidavit pursuant to the court's order (#51), and Defendant filed an

14   Objection thereto (#53).  On December 2, 2011, the court ordered Defendant to pay $15,000 within

15   fourteen days from the entry of the order.  (#54).  On April 19, 2012, the court entered an Order to show

16   cause as to why the complaint should not be dismissed for failure to comply with the court's Order (#43)

17   setting the joint pretrial order deadline for April 30, 2011.  (#55).  The Order required that the parties,

18   on or before May 1, 2012, must "show cause why this case should not be dismissed for failure to comply

19   with the local rules and a court order."  *Id.*  On May 1, 2012, Plaintiff filed his response to the court's

20   order to show cause.  (#56).  Defendant did not file a reply.

21        On May 14, 2012, the court ordered the parties to file a Joint Status Report, within fourteen days

22   from the entry of the Order, regarding Defendant's compliance with the court's orders relating to

23   Plaintiff's Motion to Compel and for Sanctions (#50 and #54).  (#57).  The court scheduled a hearing

24   for June 4, 2012.  (#57).  On May 29, 2012, the parties filed the Joint Status Report regarding

25   Defendant's compliance with the court's orders relating to Plaintiff's Motion to Compel and for

26   Sanctions (#50 and #54).  (#59).

4

1  **Joint Status Report (#59)**

2      A.      **Plaintiff's Statement of Discovery Necessary to Enable the Pretrial Order (#59)**

3          Plaintiff asserts that Plaintiff's damages are ten percent of the "revenues generated by Pokertek

4  in the Mexican gaming market." (#59). Plaintiff also asserts that Defendant has failed to comply with

5  the rules of discovery and with the court's Order to provide documents that are responsive to Plaintiff's

6  requests. *Id.* Plaintiff states that Defendant produced records that are irrelevant to the action because

7  the documents detail Defendant's expenses and outgoing costs. (#59 and #60). Plaintiff further asserts

8  that Defendant has "failed to make complete, meaningful, good faith disclosures" in response to

9  discovery requests. (#59). Plaintiff argues that he is still seeking documents from the Defendant related

10  to revenues generated in Mexico. (#60).

11      B.      **Defendant's Statement of Discovery Necessary to Enable the Pretrial Order**

12          Defendant asserts that Plaintiff has all the documents that he requested from the Defendant.

13  (#59 and #60). Defendant also asserts that Defendant produced additional documents in response to

14  Plaintiff's requests for production. *Id.* Defendant argues that Plaintiff failed to raise an issue about a

15  lack of documents in spite of "multiple conversations and correspondence related to settling [the]

16  matter." (#59).

17      C.      **Discussion**

18          During the June 4, 2012, hearing, the parties asserted that a settlement is likely once Plaintiff

19  is confident that Defendant's disclosures are complete. (#60). Plaintiff asserted that Defendant had

20  failed to provide documents relating to Defendant's revenues generated in Mexico. (#59 and #60).

21  Under Federal Rule of Civil Procedure 26(e), a party who has responded to a request for production

22  must supplement its response as ordered by the court. Fed. R. Civ. P. 26(e)(B). Based on the

23  representations from counsel during the hearing, the court finds that Defendant must supplement its

24  discovery responses and the Plaintiff is entitled to conduct depositions relating thereto.

25          After Plaintiff provides Defendant with a specific list of documents relating to Defendant's

26  revenues generated in Mexico, Defendant shall produce those documents which are in its possession,

5

custody, or control.  Plaintiff is permitted to conduct two depositions regarding Pokertek's Mexican revenues *only*.  Plaintiff may conduct one Rule 30(b)(6) deposition for two hours, and one deposition of a named individual, selected by Plaintiff, for two hours. If Defendant's 30(b)(6) designee is the same person named by Plaintiffs, Plaintiff may depose that witness for four hours.  These depositions must be completed by July 15, 2012.

Accordingly, and for good cause shown,

IT IS ORDERED that Plaintiff shall immediately submit a letter to Defendant, requesting documents relating to revenues.  Defendant shall produce all responsive documents by June 29, 2012.

IT IS FURTHER ORDERED that, after June 29, 2012, Plaintiff may take one 30(b)(6) deposition for two hours and one two hour deposition of an individual selected by Plaintiff. In the alternative, if the individual named under Rule 30(b)(6) is the same as the individual selected by Plaintiff, Plaintiff may depose that witness for four hours.  The scope of the deposition(s) is limited to Pokertek's Mexican revenues.  The deposition(s) must be completed by July 15, 2012.

IT IS FURTHER ORDERED that the parties shall file a Joint Pretrial Order by August 17, 2012.

DATED this 5th day of June, 2012.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**